UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEITH SIMMONS,

                    Plaintiff,

v.

STAFFING SOLUTIONS SOUTHEAST,
INC. d/b/a PROLOGISTIX,

                    Defendant.

Case No. 1:20-cv-3716

CLASS ACTION

## DEFENDANT STAFFING SOLUTIONS SOUTHEAST, INC.'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Staffing Solutions Southeast, Inc. d/b/a ProLogistix ("ProLogistix"), by its attorneys, gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

### I. Factual Background

1.      On May 20, 2020, Plaintiff Keith Simmons (Plaintiff) filed a Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois, styled *Keith Simmons v. Staffing Solutions Southeast, Inc. d/b/a Prologistix*, Case No. 2020-CH-04016. Plaintiff's Complaint named ProLogistix as a defendant, and was served on ProLogistix on May 25, 2020.[1] A copy of all process, pleadings, and orders served upon ProLogistix with respect to this action

---

[1]      ProLogistix's service records indicate it was served with a copy of the Complaint on May 25, 2020. *See* Declaration of Michael J. Roman at ¶ 2, Ex. B. However, Plaintiff's certificate of service filed with the Clerk of the Circuit Court of Cook County indicates the Complaint was served on ProLogistix on May 26, 2020. *See id.* at ¶ 3, Ex. C.

are attached as Group Exhibit A to the Declaration of Michael J. Roman, attached hereto as Exhibit 1.

2.     A true and correct copy of the Circuit Court of Cook County docket and remainder of the Cook County Court files as of June 23, 2020 are attached as Group Exhibit B to the Declaration of Michael J. Roman, Ex. 1.

3.     Plaintiff's Complaint alleges in three separate cause of action that ProLogistix has violated the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* (BIPA) by: (1) failing to institute, maintain and adhere to a publicly available retention schedule for biometric identifiers or biometric information in violation of 740 ILCS § 14/15(a) (First Cause of Action); (2) failing to obtain informed consent before obtaining biometric identifiers or information in violation of 740 ILCS § 14/15(b) (Second Cause of Action); and (3) by disclosing biometric information or biometric identifiers before obtaining consent in violation of 740 ILCS § 14/15(c) (Third Cause of Action). *See* Compl. at ¶¶ 67-92.

4.     Plaintiff's First, Second and Third Causes of Action are premised on the same underlying operative factual allegations, namely that "[a]s a condition of his employment [with Prologistix], Plaintiff <u>was required</u> to scan his fingerprint so [Prologistix] could use it as an authentication method to track his time and breaks," *id.* at ¶ 44 (emphasis original), "[Prologistix] stored Plaintiff's fingerprint data in its employee database," *id.* at ¶ 45, and ProLogistix did not obtain informed consent from Plaintiff before collecting his biometric information, nor did ProLogistix inform him of its recordkeeping for biometric information. *See id.* at ¶¶ 47-50. Plaintiff asserts at least four separate violations of BIPA. *Id.* at ¶¶ 13-13d.

5.     Based on these and other allegations, Plaintiff asserts claims for reckless, or alternatively, negligent violations of BIPA and seeks declaratory and injunctive relief as well as

2

statutory damages and attorneys' fees and costs. *Id.* at ¶¶ 75, 85, 94; *see also id.* at p. 20, Prayer for Relief, subparts A-H. Plaintiff specifically alleges in each of his three causes of action that he is entitled to $5,000 for each intentional and/or reckless violation of BIPA and seeks a declaration "[d]eclaring that Defendant's actions, as set forth above, were intentional and/or reckless." *Id.* at ¶¶ 75, 85, 94; *see also id.* at p. 20, Prayer for Relief, subpart D.   Plaintiff seeks to represent a class of similarly situated individuals comprising:

> All individuals working for ProLogistix in the State of Illinois who had their fingerprints and/or other biometric information collected, captured, received, or otherwise obtained, maintained, stored or disclosed by Defendant during the applicable statutory period.

*Id.* at ¶ 57.

6.   Plaintiff alleges he is a "natural person and resident of the State of Illinois." *Id.* at ¶ 15.

7.   Plaintiff alleges that ProLogistix is a Georgia corporation.  *Id.* at ¶ 16. ProLogistix is in fact a Georgia corporation with its principal place of business in Atlanta, Georgia. *See* Georgia Secretary of State Filings for Staffing Solutions Southeast, Inc., attached as Group Exhibit C to the Declaration of Michael J. Roman; *see also* Declaration of Josh Gleason, attached as Group Exhibit D to the Declaration of Michael J. Roman.

## II. Removal is Proper Pursuant to the Class Action Fairness Act

8.   Plaintiff's claims are removable because the Class Action Fairness Act (CAFA) provides the United States District Court for the Northern District of Illinois with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over private class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the

3

amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). Each of these requirements is met in the instant litigation.

**A.   Minimal Diversity.**

9.    Minimal diversity exists under CAFA because Plaintiff and ProLogistix are citizens of different States—Illinois and Georgia, respectively. *See* 28 U.S.C. § 1332(d)(2)(A).

10.    Plaintiff alleges he is a "natural person and resident of Illinois," Compl. at ¶ 15, and thus is a citizen of Illinois. *See Ahmad v. Norfolk & W. Rlwy.*, No. 89-cv-7694, 1992 U.S. Dist. LEXIS 4066 at *4 (N.D. Ill. Mar. 31, 1992) ("A human being is a citizen of the state of his domicile" citing *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991)).

11.    Defendant ProLogistix is incorporated under the laws of the State of Georgia and has its principal place of business in Atlanta, Georgia. *See* Compl. at ¶ 16; Georgia Secretary of State Filings for Staffing Solutions Southeast, Inc., attached as Group Exhibit C to the Declaration of Michael J. Roman; *see also* Declaration of Joshua Gleason at ¶ 9, attached as Group Exhibit D to the Declaration of Michael J. Roman; *see also* Compl. at ¶ 16 ("Defendant ProLogistix is a Georgia corporation …"). A corporation, such as Prologistix, "shall be deemed to be a citizen of every State … by which it has been incorporated and … where it has its principal place of business …." 28 U.S.C. § 1332(c)(1). Accordingly, ProLogistix is a citizen of Georgia for purposes of diversity jurisdiction and is not a citizen of Illinois. *Id.*

12.    Minimal diversity therefore exists under the 28 U.S.C. § 1332(d)(2)(A). *See, e.g., Jarman v. Am. Traffic Sols., Inc.*, No. 19-cv-204, 2019 U.S. Dist. LEXIS 84522 at *6 (N.D. Ill. May 20, 2019) (finding minimal diversity existed under CAFA where the plaintiff was a citizen

of Illinois and the corporate defendant was incorporated in Kansas with its principal place of business in Arizona).

**B.     Number of Class Members**

13.    Plaintiff seeks to bring this action on behalf of "[a]ll individuals working for ProLogistix in the State of Illinois" who had biometric identifiers collected by ProLogistix. *See* Compl. at ¶ 57. Plaintiff alleges the "total number of putative class members exceeds fifty (50) individuals," and that the "exact number of class members can easily be determined from Defendant's payroll records." *Id.* at ¶ 59.

14.    Upon a review of its personnel records, ProLogistix's Vice President of Human Resources, Joshua Gleason, estimates that the putative class Plaintiff seeks to represent may comprise approximately 675 class members. *See* Declaration of Joshua Gleason at ¶ 10, attached as Group Exhibit D to the Declaration of Michael J. Roman.  Plaintiff worked at 841 Remington Blvd., Bolingbrook, Illinois. Compl. at ¶ 43; Declaration of Joshua Gleason at ¶ 10, attached as Group Exhibit D to the Declaration of Michael J. Roman. The estimate of 675 class members reflects the number of associates who worked at 841 Remington Blvd., Bolingbrook, Illinois  and may have used the same timekeeping system that Plaintiff alleges he used in the five years prior to filing his Complaint on May 20, 2020.  *Id.*

15.    Based on Plaintiff's allegations and Mr. Gleason's investigation of the claims made in Plaintiff's Complaint, the Court can properly infer that the proposed class consists of more than 100 members and thus satisfies CAFA's requirement that the proposed class exceeds 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

C.     **Amount in Controversy**

16.     Plaintiff seeks an amount in controversy in excess of $5 million. *See* 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated." *See* U.S.C. § 1332(d)(6). While Plaintiff has not alleged a specific amount of damages, CAFA's amount in controversy threshold is met here based on Plaintiff's allegations and the overall damages sought.

17.     As stated above and in his Complaint, Plaintiff alleges three separate causes of action: (1) violations of BIPA, 740 ILCS § 14/15(a); (2) violations of BIPA, 740 ILCS § 14/15(b); and (3) violations of BIPA, 740 ILCS § 14/15(c). Plaintiff seeks "statutory damages of $5,000 for <u>each</u> intentional and/or reckless violation" of BIPA in each of his three causes of action. *See* Compl. at ¶¶ 75, 85, 95 (emphasis original).  He also seeks a declaration that Defendant's actions in violating BIPA were intentional and/or reckless.  *Id.* at p. 20, Prayer for Relief, subpart D. BIPA provides for $5,000 for each intention or reckless violation of the statute, plus attorney's fees and costs. *See* 740 ILCS 14/15(2)-(3). Thus should Plaintiff prevail on all three of his claims, statutory damages alone in this case would be well in excess of CAFA's $5 million threshold mandate. *See, e.g.*, *Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528

6

F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").[2]

### III. Compliance with Removal Statute

18.     This Notice of Removal was properly filed in the United States District Court for the Northern District of Illinois, because the Circuit Court of Cook County, Illinois is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

19.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

20.     The Complaint was served on ProLogistix on May 25, 2020. *See* Affidavit of Service, included in Group Exhibit B to the Declaration of Michael J. Roman. Accordingly, this Notice of Removal is timely filed within 30 days of service of the Complaint, pursuant to 28 U.S.C. § 1446(b).

21.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon ProLogistix, as well as all those filed in this action, are attached Group Exhibits A and B to the Declaration of Michael J. Roman.

---

[2]     ProLogistix is cognizant of the Seventh Circuit's recent decision in Bryant v. Compass Group USA, Inc., 958 F. 2d 617 (7th Cir. 2020), holding that plaintiffs do not have Article III standing to pursue individual claims for violations of section 15(a) of BIPA, 740 ILCS 14/15(a), for a defendant's failure to post a publicly available retention schedule. Nonetheless, even if Plaintiff's claim under section 15(a) is omitted for purposes of calculating CAFA's amount in controversy requirement, Plaintiff's claims under sections 15(b) and 15(c) of BIPA plus attorney's fees, costs and interest would still exceed the amount in controversy requirement under CAFA. Moreover, based on the totality of the Complaint, it is clear that Plaintiff is seeking multiple violations under each cause of action which would only increase the jurisdictional amount, see, e.g., Compl. ¶ 13. Further, as BIPA provides for recovery of attorney's fees, 740 ILCS 14/15(3), the amount in controversy may be more than statutory damages in this case. *See* Declaration of Michael J. Roman at ¶ 6.

22.     Pursuant to 28 U.S.C § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Cook County, Illinois today.

23.     ProLogistix is the only named defendant in this lawsuit.

### IV.  Conclusion

24.     Defendant Staffing Solutions Southeast, Inc. d/b/a ProLogistix respectfully requests this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois.

Dated: June 24, 2020                                    Respectfully submitted,

Mary A. Smigielski
Michael J. Roman
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W. Adams St., Ste. 500
Chicago, Illinois 60661
mary.smigielski@lewisbrisbois.com
michael.roman@lewisbrisbois.com
Phone: (312) 345-1718

*Counsel for Defendant Staffing Solutions Southeast, Inc. d/b/a ProLogistix*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH SIMMONS,<br><br>             Plaintiff,<br><br>v.<br><br>STAFFING SOLUTIONS SOUTHEAST,<br>INC. d/b/a PROLOGISTIX,<br><br>             Defendant. | Case No. 1:20-cv-3716<br><br>CLASS ACTION |

## DEFENDANT STAFFING SOLUTIONS SOUTHEAST, INC.'S
## <u>CORPORATE DISCLOSURE STATEMENT</u>

Defendant Staffing Solutions Southeast, Inc. d/b/a ProLogistix, pursuant to Rule 7.1 of the Federal Rules of Civil procedure and Local Rule 3.2, by its attorneys, states as follows.

1.      No publicly held company owns 5% of more of the stock of Staffing Solutions Southeast, Inc.

2.      The parent company of Staffing Solutions Southeast, Inc. is EB Supply Chain Holdings, LLC, which is a wholly owned subsidiary of EmployBridge, LLC, which is a wholly owned subsidiary of EmployBridge Holding Company. Each entity is a privately-held company, and no publicly held corporation owns 5% or more of the stock of EB Supply Chain Holdings, LLC, EmployBridge, LLC, or EmployBridge Holding Company.

Dated: June 24, 2020                     Respectfully submitted,

Mary A. Smigielski
Michael J. Roman
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W. Adams St., Ste. 500
Chicago, Illinois 60661
mary.smigielski@lewisbrisbois.com
michael.roman@lewisbrisbois.com
Phone: (312) 345-1718

*Counsel for Defendant Staffing Solutions Southeast, Inc. d/b/a ProLogistix*